**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

**SOONER PIPE, L.L.C. and CTAP, L.L.C.,**

**Plaintiffs,**

**v.**

**DEREK WACHOB,**

**Defendant.**

**Case No. 25-CV-567-JFH-CDL**

**OPINION AND ORDER**

Before the Court is a Motion to Lift the Agreed Order Staying Litigation ("Motion") filed by Plaintiffs Sooner Pipe, L.L.C. and CTAP, L.L.C. ("Plaintiffs"). Dkt. No. 46. Plaintiffs seek to lift the Agreed Order Staying Litigation ("Stay Order") [Dkt. No. 40] entered by this Court on March 17, 2026. *Id*. at 1. Plaintiffs argue that the stay should be lifted following Defendant Derek Wachob's ("Defendant") plea of guilty entered in his pending criminal case, United States District Court for the Southern District of New York Case No. 25-cr-00508-JPO ("Criminal Case"). *Id.* Defendant filed a response in opposition [Dkt. No. 48] and Plaintiffs filed a reply [Dkt. No. 50]. The Motion is now ripe for ruling.

**DISCUSSION**

The Stay Order dictates that this case shall be stayed until the earliest of:

> (a) ***entry of a judgment of conviction*** following trial or ***following acceptance by the court of a guilty plea*** in the criminal case against Defendant Derek Wachob, *United States v. Wachob*, NYSD Case No. 25-cr-00508-JPO; (b) entry of a judgment of acquittal or dismissal with prejudice of the indictment in the criminal case against Defendant Derek Wachob, *United States v. Wachob*, NYSD Case No. 25-cr-00508-JPO; or (c) any other disposition terminating the criminal case against Defendant Derek Wachob, *United States v. Wachob*, NYSD Case No. 25-cr-00508-JPO.

Dkt. No. 40 at 1 (emphasis added).[1] Plaintiffs argue that category (a) is satisfied because Defendant entered a plea of guilty in the Criminal Case. However, category (a) plainly requires more: the entry of a judgment of conviction. Although Defendant has entered a plea of guilty and the court in the Criminal Case has entered a consent preliminary order of forfeiture/money judgment, a judgment of conviction has not yet been entered. *See* Dkt. No. 46 at 2; Dkt. No. 46-1.

An order of forfeiture/money judgment is not a judgment of conviction. *See* Federal Rule of Criminal Procedure 32(k)(1)-(2).[2] Likewise, a plea of guilty is not a judgment of conviction. *See* Fed. R. Crim. P. 11(b)(3) (setting forth considerations of the court before entering judgment on a guilty plea). A judgment of conviction is entered following a sentencing hearing. *See United States v. Lonjose*, 663 F.3d 1292, 1298 (10th Cir. 2011) (explaining that the district court is required to conduct a sentencing hearing and must enter a judgment of conviction following the sentencing hearing) (citing Fed. R. Crim. P. 32(i) and (k)). A sentencing hearing in the Criminal Case is set for November 17, 2026. Dkt. No. 46 at 2; Dkt. No. 46-1.

As a judgment of conviction in the Criminal Case has not yet been entered, the Court finds that the triggering event described in category (a) has not yet been satisfied. The Court further notes that a judgment of acquittal, dismissal with prejudice of the indictment, or other disposition of the Criminal Case have also not occurred. Therefore, the triggering events of categories (b) and (c) have also not been satisfied. Accordingly, the Stay Order shall remain in effect.

[1] The Court notes that the terms of the Stay Order were agreed to and submitted jointly by the parties. *See* Dkt. No. 38-1.

[2] A preliminary order of forfeiture is entered in advance of sentencing and becomes final as to the defendant at sentencing and is then incorporated in the judgment of conviction. *See* Fed. R. Crim. P. 32.2(b)(2)(B) and Fed. R. Crim. P. 32.2(b)(4)(A)-(B).

## CONCLUSION

IT IS THEREFORE ORDERED that Plaintiffs' Motion to Lift the Agreed Order Staying Litigation [Dkt. No. 46] is DENIED and the Agreed Order Staying Litigation [Dkt. No. 40] remains in effect. Plaintiffs' may renew their motion to lift the stay following the entry of the judgment of conviction in the Criminal Case, or upon the occurrence of any other triggering event as set forth in the Stay Order.

Dated this 5th day of November 2026.

JOHN F. HEIL, III
CHIEF UNITED STATES DISTRICT JUDGE